THE STATE, DEFENDANT IN ERROR, v. ROBERT T. ALLISON, PLAINTIFF IN ERROR.

Argued January 22, 1941—Decided March 15, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the plaintiff in error, *Joseph Keane.*

For the state, *Daniel T. O'Regan,* prosecutor of the pleas.

The opinion of the court was delivered by

Parker, J.  The writ of error brings up a conviction of the crime of rape.  The indictment was in two counts; the first, for that crime: the second charging assault and battery.  The trial court instructed the jury that they "need not concern themselves" with the count for assault, and that while it was part of the indictment, they might disregard the count for assault and battery, "because in the court's opinion this man is either guilty of rape or is not guilty of rape: and that is going to be the problem for you to determine."  This instruction was substantially repeated at the close of the charge.

The case is before us on a certificate of the entire record of proceedings at the trial, pursuant to *N. J. S. A.* 2:195-16, formerly section 136 of the Criminal Procedure act, and two points are made: the first, that the trial court erred in removing from the jury the matter of assault and battery: the second, that the verdict was against the weight of evidence (*N. J. S. A.* 2:195-19; *Pamph. L.* 1921, *p.* 951).  As to this latter, we have examined the evidence and have no hesitation in saying that the point is without merit.  But on the first point, notwithstanding our view touching the second, we have to conclude that there was harmful error.  It is not entirely clear whether the argument proceeds on the theory that the count for assault and battery was eliminated in some way from the record; but that question is immaterial, because if the count had never been in the indictment, there could still be a conviction of assault and battery on an indictment for rape.  *State* v. *Johnson,* 30 *N. J. L.* 185; *State* v. *Jackson,* 65 *Id.* 105.  There was some conflict in the evidence as regards the commission of the major crime, and particularly an affidavit by the female, sworn to less than two months before the trial, and a week before the indictment was found, exonerating defendant from the charge of rape; and while that affidavit may well have been open to suspicion, it was

in evidence and before the jury, who were by law entitled to say whether defendant was guilty of rape, or of assault, or not guilty at all, and could not be controlled by the court in that regard.

Applying what we understand to be settled principles of law, we perforce conclude that there was error in removing the question of assault from the consideration of the jury, and for that error the judgment of conviction must be reversed, and the cause remanded for a new trial.