81 N.J. Super. 390 (1963)
195 A.2d 657
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT T. ALLISON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 28, 1963.
Decided December 5, 1963.
*391 Before Judges CONFORD, FREUND and SULLIVAN.
*392 Mr. John J. Geronimo (assigned counsel) argued the cause for appellant.
Mr. William A. O'Brien, Assistant Prosecutor, argued the cause for respondent (Mr. James A. Tumulty, Jr., Hudson County Prosecutor, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This is an appeal in a post-conviction proceeding. Defendant was convicted of rape in 1940 and was sentenced to 15 to 30 years in prison. He prosecuted an appeal and secured a new trial. State v. Allison, 126 N.J.L. 76 (Sup. Ct. 1941). In November 1941 he was retried and again found guilty. In December 1941 he was sentenced to a term of 14 years and 2 months to 30 years in prison. Apparently the judge, intending to impose a minimum term of 15 years, took into consideration in fixing the minimum sentence the ten months which defendant had spent in jail pending the appeal. Whether inadvertently or not, the said credit was not reflected in the maximum term expressed. In 1945 defendant was paroled by the then Court of Pardons and released under a "license to be at liberty," conditioned, inter alia, upon not being convicted in any state for a crime committed after release or parole. The license also provided:
"6. If you are returned to prison by revocation of parole, the time between your release upon this license and your return to prison, will not be taken into account as part of your sentence, and the Inspectors may declare a forfeiture of the whole or part of the time previously remitted to you for good conduct."
In 1959 defendant was convicted on a charge of assault in New York and was sentenced to 2 1/2 to 10 years in prison. In March 1959 defendant's parole was revoked in New Jersey because of the conviction in New York. In May 1960 defendant was released by New York and turned over to the New Jersey authorities, who returned him to State Prison as a parole violator. In June 1960 defendant was denied a parole.
*393 In July 1961 defendant filed an application for a writ of habeas corpus, charging that the sentence imposed on him in December 1941 was illegal since the ten-month period spent in jail pending the appeal was never credited on the maximum sentence, contrary to R.S. 2:192-13 (now N.J.S. 2A:164-26). Cf. R.R. 3:7-10(h). The trial judge ruled that defendant was not entitled to a writ of habeas corpus but directed that defendant be given a credit of ten months against his maximum sentence and by letter so notified the prison authorities who have since acknowledged that defendant has now been given such credit.
In July 1962 defendant filed an application to be released from prison on the ground that he was being held in confinement beyond the expiration of his maximum sentence. The application was denied without a hearing on the ground that the application was without merit. Defendant, through assigned counsel, appeals to this court.
Defendant makes several contentions. The first is that the maximum sentence of 30 years imposed on him in December 1941 was illegal in that it did not give him a credit for the ten months he spent in jail pending his appeal. Defendant argues that the action of the trial court in September 1961 wherein it directed the prison authorities to give defendant such credit was illegal because such action was a change of sentence which could only be made in open court in accordance with R.R. 3:7-13(b). At such a hearing, contends defendant, he was entitled to be present in person, R.R. 3:5-4, and to ask the court to consider de novo all factors relevant to an appropriate sentence as though he were being sentenced for the first time. This claim is fallacious for a number of reasons.
It is implicit in the case that defendant agrees with the State that the sentencing judge in 1941 intended to impose a 15-30 year sentence. The sentence should have so read, without curtailment of either maximum or minimum for time spent in jail pending appeal. Under the applicable statute, N.J.S. 2A:164-26, such time "shall be deducted *394 from the period that he [the prisoner] was sentenced to serve." In other words, the credit is not to be incorporated in the sentence but to be mandatorily afforded administratively by the prison authorities. The authorities now acknowledge defendant's right in that regard as to both the maximum and minimum sentences (taking them at 15 and 30 years), and the trial court's direction to the Department of Institutions and Agencies as a result of the original habeas corpus proceeding should not be regarded as a correction of the sentence, as such, but as securing defendant's rights to the credit granted under N.J.S. 2A:164-26. Defendant has thus received what he was entitled to. He has no right to anything more.
Even if this proceeding were regarded as an application for a reduction of sentence, R.R. 3:5-4 expressly dispenses with the necessity for the prisoner's presence in that case. The cited rule requires the prisoner's presence at sentence, but, as indicated, the action of the judge here was not a sentencing nor a correction or change of the sentence. Defendant's reliance on State v. Minter, 55 N.J. Super. 562 (App. Div. 1959), is entirely inapposite. That was a case of rectification of the failure of the original sentencing judge to have imposed a maximum sentence as required by N.J.S.A. 30:4-148 (Indeterminate Sentence Act) in cases where the court desires to impose a sentence exceeding five years.
Defendant also contends that in computing the time to be served by him on revocation of parole he should be credited with time spent under parole supervision after his release from prison. This contention is unsupported by citation of any authority. Indeed, such argument is directly contrary to the holding in In re Kneipher, 12 N.J. Super. 407 (Cty. Ct. 1951). We adopt the holding in that case that a prisoner, after revocation of his license to be at large, is not entitled to have time spent while out on parole considered in determining the amount of maximum sentence remaining to be served by him, the conditions of the license being expressly to the contrary and binding on him.
*395 Finally, defendant contends he is entitled to credit for time spent in military service while on parole. He cites no authority for this proposition and we know of none.
We recognize the possibility of merit in defendant's argument that he has certain equities in his favor. However, evaluation of those equities is for the Parole Board. Our present review is limited to a consideration of the legality of defendant's sentence and confinement.
Affirmed.