472 P.2d 59

**STATE of Arizona, Appellee,**
v.
**David Allen KENNEDY, Appellant.**
**No. 2064.**

Supreme Court of Arizona,
In Banc.
July 14, 1970.
Rehearing Denied Sept. 15, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Ross P. Lee, Public Defender, Maricopa County, by Anne Kappes, and James Kemper, Deputy Public Defenders, for appellant.

McFARLAND, Justice:

David Allen Kennedy, hereinafter referred to as defendant, entered a plea of guilty to the charge of robbery, in violation of § 13–641, A.R.S., and § 13–643, A.R.S., and was sentenced "to serve not less than five nor more than seven years in the Arizona State Prison." From the judgment and sentence he appeals.

Complaint was filed against defendant in the justice court on the 4th day of December 1967. On return of the warrant of arrest the 5th day of December, bond was fixed by the justice of the peace at $2,000, which defendant was unable to make. He had to remain in jail from that date until the time of his sentencing. He was arraigned on the 12th day of January 1968, at which time he entered a plea of not guilty. It was on April 1, 1968, the date set for trial, that defendant withdrew his plea of not guilty and entered a plea of guilty as charged.

On April 15, 1968—the date of the sentencing—the court fixed the beginning of the sentence as of that date. On May 16, the defendant filed a motion for credit for the time he had served in jail prior to the date of the sentencing. The court denied the motion upon the ground that it had already taken into consideration the time that defendant was incarcerated in the Maricopa County Jail in determining the sentence imposed.

It is the contention of the defendant that the court's denial of his motion for credit for the time served in jail prior to sentencing placed him in double jeopardy, in violation of the 5th Amendment to the Constitution of the United States; also that denial of the motion resulted in a heavier punishment on the defendant because he was unable to make bond, and for this reason his sentence was in violation of the equal-protection clause of the 14th Amendment to the Constitution of the United States. The defendant, in his brief, bases these

contentions on U. S. Supreme Court decisions, including North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, holding that where a defendant is tried and convicted and the sentence is thereafter set aside upon retrial and conviction the court, in sentencing him, must give credit for the time he spent under the first sentence. The court held that a defendant may even be given as long or longer sentence, depending upon the particular combination of "infinite variables peculiar to each individual trial." However, when the judge imposes the same or a longer sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. They must be based upon objective information concerning conduct on the part of the defendant occurring after the time of the original sentencing procedure,

> "* * * and the facts and data upon which the increased sentence is based must be made a part of the record so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

This Court has followed North Carolina v. Pearce, supra; State v. Johnson, 105 Ariz. 21, 458 P.2d 955. However, these cases pertain solely to time served under a prior conviction, and do not involve the question of credit for time served in jail prior to a conviction and sentence.

A few states have statutes governing credit for time served in jail before sentencing, also the United States Code makes such a provision. Arizona does not have such a statute. The rule governing the question of credit for time served in jail previous to conviction and sentence is succinctly set forth in State ex rel. Waters v. Lackey, 97 Okl.Cr. 41, 257 P.2d 849:

> "* * * We are of the opinion that in the absence of statute authorizing the trial court to grant credit for jail time served, either before or after conviction and judgment and sentence, the same is not within the power of the trial court, to grant the same, as such. Of course

the matter of fixing the penalty in the judgment, within the limits prescribed by statute, is within the sound judicial discretion of the trial court. In cases where the penalty is less than the maximum, it is not subject to inquiry as to whether the trial court considered jail time in mitigation of punishment. What determines the elemental foundations which motivated the trial court's conclusion, as to a just penalty in the law, may be a matter between only the judge and his good conscience, and is not subject to inquiry by us in the absence of a clear abuse thereof. Hence in many cases, jail time in mitigation may have been considered by the trial court. We do know however, that neither in common law nor in the statutes of Oklahoma is the granting of jail time as such, in a judgment as was done herein, authorized by law. The logic of our conclusion is strongly supported by the reasoning in People ex rel. Stokes v. Warden of State Prison, 66 N.Y. 342, 345, 346, as applicable herein:

> " 'Punishment for the commission of crime is that pain, penalty or forfeiture which the law exacts, and the criminal pays or suffers for the offense. In legal view, it cannot be said to have been exacted, nor to have been endured or begun to be endured, until the commission of the particular crime has been legally determined, and the particular criminal legally ascertained; nor until the due sentence, that is, the judicial fixing and utterance, of the definite kind, amount, or period of punishment has been authoritatively, and in due form of law and proceeding, pronounced upon him for his crime, after his conviction therefor. Punishment is a consequence of crime, to be sure, but in a legal view, it is the immediate consequences of only a conviction of crime. Hence, any pain or penalty which the offender has suffered before conviction and before sentence has been pronounced upon him is illegal, or is due to some demand of the law other

than that based upon his conviction. In either case, it fails to enure to his benefit as part of that due punishment which the law exacts, by reason of his conviction and of the sentence passed upon him.

\*　　\*　　\*　　\*　　\*　　\*

" '\* \* \* Moreover, important parts of the sentence are the place of imprisonment, to wit: in a State prison, and the manner of detention there, to wit; at hard labor. When the relator lay in the county jail, he was not enduring these parts of the sentence; he was not in State prison; he was not at labor. How then can the time he lay in the county jail be reckoned a part of the time for which the law adjudged him to be at labor in the State prison? Doubtless a court when imposing sentence if imprisonment may consider in mitigation of the severity of it, the time for which the convict has been in custody while awaiting trial.' "

▓ While a court may take into consideration the time served in jail prior to sentence it is held to be not a matter of right but discretionary with the trial court. Salisbury v. Raines, Okl.Cr., 365 P.2d 568; Williams v. Page, Okl.Cr., 430 P.2d 345; In re Tidwell, Okl.Cr., 309 P.2d 302; In re Ward, 97 Okl.Cr. 60, 257 P.2d 1099; People v. Rose (Calif.), 41 Cal.App.2d 445, 106 P.2d 930.

In State v. Howland, 103 Ariz. 250, 439 P.2d 821, we held:

"In determining a proper sentence the court should consider the purpose of the sentence and the objectives sought to be attained. These objectives are usually enumerated as four-fold: retribution, deterrence, restraint, and rehabilitation."

Previous to the adoption of the indeterminate sentence, in practically all criminal cases, the statutes fixed a maximum and a minimum sentence between which the trial judge should fix the sentence of the offender. Orme v. Rogers, 32 Ariz. 502, 260 P. 199. However, with the passage of the indeterminate-sentence law the trial court was given a large discretion in the passing of sentence. We have held that the court should consider not only the circumstances of the offense but the moral character and the past conduct of the defendant. State v. Foggy, 101 Ariz. 459, 420 P.2d 934, cert. den., 386 U.S. 1025, 87 S.Ct. 1386, 18 L. Ed.2d 468, reh. den., 387 U.S. 938, 87 S.Ct. 2060, 18 L.Ed.2d 1008; State v. Horton, 101 Ariz. 229, 418 P.2d 385; State v. Tuggle, 101 Ariz. 216, 418 P.2d 372; State v. Bradley, 99 Ariz. 328, 409 P.2d 35; State v. Sowards, 99 Ariz. 22, 406 P.2d 202; State v. Wallace, 98 Ariz. 243, 403 P.2d 550; State v. Alford, 98 Ariz. 124, 402 P. 2d 551, rehearing den. 98 Ariz. 249, 403 P. 2d 806, cert. den., 382 U.S. 1020, 86 S.Ct. 625, 15 L.Ed.2d 535, reh. den. 384 U.S. 1028, 86 S.Ct. 1937, 16 L.Ed.2d 1047.

▓ A trial court must necessarily have a wide latitude in its determination of a proper sentence in order to meet the objectives for sentencing, particularly that of rehabilitation. It is mandatory that the court, under Rule 336, Rules Cr.Proc., 17 A.R.S., if upon suggestion of either party, must hear evidence as to circumstances summarily in open court—either at a special time or upon notice to the adverse party as the court directs, or the court may inquire into such circumstances of its own motion.

Section 13–1652, A.R.S., provides that the term of the sentence fixed commences to run on the date of actual delivery of defendant at the place of imprisonment, or from the time fixed by the court at the time of the sentence. Rule 338, Rules Crim.Proc., A.R.S., provides that the sentence imposing imprisonment shall state the date at which the imprisonment is to begin.

▓ We have held that in the event no date is fixed, then the beginning of the sentence will be the date of delivery to the Arizona State Prison. While the determination of the sentence is within the discretion of the trial court, the amount of time that a defendant has served in jail prior to conviction should be taken into consideration by the court in the passing of sen-

tence. This can be done under the provisions of both the rules of the court and the statute permitting the court to fix the date of the beginning of the sentence, or by giving a shorter minimum and maximum sentence, providing that such would be permitted by the statute under which defendant is sentenced. The court might well feel that fixing a sentence at the minimum allowed by statute would be too long, considering the time served in jail before sentence. However, as set forth in State v. Lackey, supra, the consideration to be given is discretionary with the court along with the other factors.

In State v. Rhodes, 104 Ariz. 451, 454 P.2d 993, this Court recognized that the trial court had a wide discretion in the passing of sentence, and affirmed the decision of the trial court which fixed the sentence to run concurrently with a sentence being served in another state. In so holding, we said:

"Both the rules of this Court, and the statutes give the court authority to fix the date of the beginning of the sentence at a date prior to delivery of the defendant to the Arizona State Penitentiary. It is common knowledge that the courts frequently give a defendant credit for time that he may have been incarcerated in jail prior to sentencing. While this provision is not mandatory, justice requires that the court have this discretion. Otherwise, after a plea of guilty or a verdict of guilty by a jury, a defendant would not be entitled to credit for the time required for an investigation by the probation officers prior to sentencing.

"Under Rule 339, Rules Crim.Proc., 17 A.R.S., there can be no question but what this rule was intended to permit the court imposing a second or later sentence to have authority to make the sentence run concurrently with a former sentence imposed by another court. See Odekirk v. Ryan, 6th Cir., 85 F.2d 313."

In the instant case the trial court, at the hearing on the motion, said:

"* * * the Court having taken into consideration the time that the defendant was incarcerated in the Maricopa County Jail in determining the sentence imposed herein, * * *"

 There is a presumption that the trial court took into consideration all factors, including the time served in the county jail prior to the date of sentencing. There are many factors—together with the time served in jail before sentencing—in determining a sentence such as the age of the defendant, background, health, past conduct; also the objectives of "retribution, deterrence, restraint, and rehabilitation," all of which would make it difficult for a court to set forth in detail the consideration given to each. The court may find it desirable at the time of sentencing to state that consideration was being given to the time spent in jail previous to sentence, in order that a defendant might understand that his poverty had not deprived him of justice. This would be a good practice for the court to follow; however, it is not required under the rules of procedure. But, in the instant case, we have the statement of the court that it had taken into consideration the time that defendant was incarcerated in the Maricopa County Jail in determining the sentence. The sentence that was imposed would also so indicate.

Judgment affirmed.

LOCKWOOD, C. J., and STRUCK-MEYER, V. C. J., and UDALL and HAYS, JJ., concur.