495 P.2d 880

**STATE of Arizona, Appellee,**

v.

**Alex Leon LERMA, Appellant.**

**No. 1 CA–CR 391.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 17, 1972.

Rehearing Denied May 23, 1972.
Review Denied July 11, 1972.

Ross P. Lee, Public Defender, Maricopa County, by James H. Kemper, Deputy Public Defender, for appellant.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., for appellee.

STEVENS, Presiding Judge.

Alex Leon Lerma, hereinafter referred to as the defendant, was tried by a jury and convicted of the possession of a stolen automobile. He was adjudged guilty, and he was sentenced to " * * * be incarcerated in the State Prison at Florence, Arizona for a term of not less than four (4) years, nor more than five (5) years, sentence to begin as of the time defendant reaches the State Prison in Florence, Arizona." The defendant appealed and presents three questions for our consideration. These are:

1. the sufficiency of the evidence;

2. error in the receipt of hearsay evidence; and,

3. whether he was entitled to credit against his sentence for the 4 months and 7 days he spent in confinement in the county jail before sentence was pronounced.

The defendant was arrested on or about 2 August 1970. A preliminary hearing was held on 13 August 1970, at the conclusion of which he was bound over to the Superior Court. His bond was fixed in the sum of $550.00, a bond which he did not post. On 26 August 1970 the information on which he was tried was filed in the Superior Court and we quote the pertinent charging portion thereof as follows:

"The said ALEX LEON LERMA on or about the 2nd day of August, 1970 and before the filing of this information at and in the County of Maricopa, State of Arizona, possessed a motor vehicle belonging to Antonia Sagasta, to wit: a 1964 Four door Chevrolet, Arizona License No. LPF063, which he knew or had reason to believe had been stolen, all in violation of A.R.S. § 28–1423 * * *."

The defendant was arraigned and the trial was set for 7 October. On that day he entered a plea of guilty and the time was fixed for the passing of sentence. On 23 October he was permitted to withdraw his plea of guilty and his trial took place on 19 and 20 November. The judgment of guilt and sentence were entered on 11 December 1970.

### THE THEFT

While the fact of the theft is not disputed, we deem it appropriate to briefly outline the circumstances. The defendant is not charged with the theft of the automobile. The theft was established by the testimony of the owner. The owner had parked the automobile at approximately 6 P.M. on 2 August 1970. She locked the ignition so that it could not be activated without a key and she left the parked car to engage upon her employment. She gave no one permission to use the car and when she left her work at 9 P.M. on the same day the car was gone. There was a prompt report of the theft to the police. Not long after midnight the car was found parked some distance from the place of the owner's employment. The engine was still warm. The owner was called, she went to the location where the car was found and the car was returned to her.

### THE HEARSAY

We first consider the error urged in the receipt of hearsay evidence. This relates to a statement made by the owner to the police at the place where the stolen car was recovered and returned to her. The police officer testified that the owner handed him a key which she said she had found in the front seat of the car. Later

the officer showed the key to the defendant who advised the officer that it was his house key. The key was then placed with the other property of the defendant and not thereafter seen by the officer.

■ Before the evidence recited above was presented to the jury, the trial court conducted a voluntariness hearing in the absence of the jury in relation to the admission of the defendant's statement made to the officer wherein the defendant acknowledged the ownership of the key. During the hearing relative to the voluntariness of the statement we find the following:

"Q. And the key was located inside the car?

"A. Yes, sir. She said she found it in the front seat.

"MR. RAYES: Object to what she said.

"THE COURT: Well, for this hearing, why the answer can stand."

From these proceedings counsel for the defendant was fully forewarned as to the evidence which could be contemplated. The trial court properly found that the defendant's admission that he owned the key was voluntary.

■ The record clearly indicates that the defendant was in the custody of the police officer at the time the statements in question with regard to his ownership of the key found in the stolen vehicle were made. It is our opinion that:

"The statements were freely made by accused without any threat, mistreatment, coercion, or any force which might render the statements involuntary." Mc-Daniels v. State of Arizona, 62 Ariz. 339, 349, 158 P.2d 151, 155 (1945).

These statements were in actuality mere admissions of fact, which might or might not prove incriminating in their effect, and did not constitute a confession of guilt.

■ Notwithstanding the above, a confession or admission against interest is admissible where freely and voluntarily made in response to questions propounded by any public officer when, as in the instant case, the proper MIRANDA warnings have been given.

In the presence of the jury the defendant objected to the officer's statement that the defendant had admitted the ownership of the key. The basis of the objection was that the admission arose out of an incustody-interrogation. The objection was overruled based upon a proper showing that the defendant had been advised as to his rights and that he understood them. As to this matter no issue is presented in the appeal.

In the presence of the jury the circumstances of the discovery of the key, the statement by the owner as to where it was found, and the admission by the defendant were the subject of the officer's testimony. The officer admitted that he had not again seen the key and that in all probability he could not identify it. There was a defense objection that there was an absence of a proper foundation as to the identity of the key. The objection did not embrace the present contention relative to the hearsay statement attributed to the owner of the vehicle. The objection as to the foundation was overruled.

At the conclusion of the officer's testimony we find the following motion made by the defense:

"At this time I move to strike the testimony as to the key. There's been improper identification, improper identification as to the key. The person who found the key is not even here to testify. All that it's based on is hearsay testimony. Therefore I object, and I move to strike the testimony as to the key being found—given to the police officer by Mrs. Sagasta."

[The person identified in the motion was the owner of the car in question.]

It is observed that the thrust of the motion is the lack of foundation and is not hearsay as such. Even should it be considered as a clear-cut motion to strike based upon the use of hearsay evidence the motion was not

timely. We quote briefly from two Arizona Supreme Court opinions:

"However, it is equally apparent that the basis for the objection was not an assertion of hearsay. An objection to the admission of evidence must state the reason and if it is not objectionable on the ground stated, it is not error for the court to admit it, even though there might be some other proper reason for its rejection not raised by the objection as made." State v. Evans, 88 Ariz. 364 at 373, 356 P.2d 1106 at 1111 (1960).

We find the following statement in State v. Taylor, 99 Ariz. 151 at 153, 407 P.2d 106 at 107 (1965):

"The law is well settled that one who does not object to claimed hearsay testimony at the time it is offered thereby waives any objection on appeal."

■ There being no timely objection to the receipt of the hearsay statement as to the place where the key was found there was no error in the denial of the motion to strike.

## PROOF OF THE OFFENSE

■ The proof of the offense was by circumstantial evidence which evidence has the same weight as direct evidence. State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970). We must view the evidence in the light most favorable to the sustaining of the verdict of the jury. State v. Dutton, 106 Ariz. 463, 478 P.2d 87 (1970).

In response to a call not related to a stolen vehicle the police officers arrived at the scene where the car in question was eventually identified. On their arrival the attention of the officers focused upon a Miss Vegas looking on the ground for the keys to her Buick car. As the officers drove through the area, the stolen Chevrolet being in close proximity to the Buick, they saw a male, with his head, shoulders and arms in the Chevrolet. During the time that the police were assisting Miss Vegas in locating her car keys the defendant approached. He had in his possession a ring of "* * * five General Motors car keys." The defendant's clothing was similar to the clothing worn by the man who the officers had fleetingly seen earlier partially inside the Chevrolet. The defendant gave a false name, his true name being furnished by Miss Vegas. By police radio the officers verified that the Chevrolet was a stolen vehicle. The defendant claimed the ownership of a nearby Pontiac but the ownership was established as being in another person. The Chevrolet engine was warm. Defendant's house key was found on the front seat. The thumb print of his right thumb was found on the inside rear view mirror of the Chevrolet.

The charged offense is based upon A.R.S. § 28–1423 which we quote:

"A person who, with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, receives or transfers possession of such vehicle from one to another, or who has in his possession a motor vehicle which he knows or has reason to believe has been stolen, is guilty of a felony."

Under proper instructions, to find the defendant guilty, the jury was required to find that the defendant was in "possession" of the Chevrolet "* * * which he knows or has reason to believe has been stolen * * *."

In our opinion the totality of the circumstantial evidence sustains the jury's finding of guilt.

## CREDIT FOR JAIL TIME

The above-quoted § 28–1423 establishes the offense to be a felony without specifying the permissible minimum or maximum periods of confinement. Under these circumstances we look to A.R.S. § 13–1645 which states in part:

"Except when a different punishment is prescribed, an offense declared to be a felony is punishable by imprisonment in the state prison for not to exceed five years * * *."

In relation to the time when the sentence commences to run A.R.S. § 13–1652 provides in part:

"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins."

And Rule 338 of the Rules of Criminal Procedure, 17 A.R.S. specifies:

"When the sentence imposes imprisonment, it shall state the date at which the imprisonment is to begin."

The defendant urges that North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), requires that the trial judge exercise the discretion granted to him as to the commencement date of the sentence (A.R.S. § 13–1652) by specifying that the date of commencement of the prison term shall be the date of the defendant's initial incarceration, that is, 2 August 1970. This contention was laid to rest by our Supreme Court in the case of State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970). In Kennedy our Supreme Court discussed PEARCE. The Court proceeded further and pointed out that:

"While a court may take into consideration the time served in jail prior to sentence it is held to be not a matter of right but discretionary with the trial court." 106 Ariz. at 193, 472 P.2d at 62.

The trial court could have fixed a 4½-year minimum to commence on 2 August 1970. We cannot say that the trial court disregarded the period of confinement prior to sentence. We quote a statement by the trial court made at the time of sentence.

"As the Court reviews your circumstances, you have demonstrated that you find it very difficult if not impossible to be a law abiding citizen, Mr. Lerma. And by virtue of your past run-ins with the law, it appears to the Court necessary that you be confined in the Arizona State Prison."

■ We find no error in the sentence. Based upon the matters urged by the defendant on this appeal and in our study of the record presented under A.R.S. § 13–1715, the judgment of guilt and the sentence are,

Affirmed.

CASE and DONOFRIO, JJ., concur.