167 N.J. Super. 203 (1979)
400 A.2d 796
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ISSAC N. WILLIAMS, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 13, 1979.
Decided April 2, 1979.
*204 Before Judges ARD and ANTELL.
Ms. Barbara S. Rosenberg, attorney for the appellant.
Mr. Thomas J. Shusted, Camden County Prosecutor, attorney for the respondent (Mr. James E. Isman, Assistant Camden County Prosecutor, on the brief).
*205 The opinion of the court was delivered by ARD, J.A.D.
Defendant pleaded non vult to murder and was sentenced on July 3, 1973 to a term of not less than 14 nor more than 15 years in the New Jersey State Prison. In November 1974 he moved for a change of sentence pursuant to R. 3:21-10. A different judge heard the motion and suspended the unserved time of the sentence and placed the defendant on probation for a period of five years. As a special condition of probation, the judge required defendant to enter an in-patient drug rehabilitation program and to remain there until he completed the program. The State appealed this order, and this court reversed the order as a mistaken exercise of discretion. State v. Williams, 139 N.J. Super. 290 (App. Div. 1976), aff'd o.b. 75 N.J. 1 (1977).
During the pendency of the appeal defendant was released from prison and completed the in-patient drug rehabilitation program. He then continued as a probationer subject to the general rules of probation. After the decision of the Supreme Court he was returned to the New Jersey State Prison.
Upon his return to State Prison he filed a motion for a sentence credit for the time he spent on probation from November 20, 1974 until November 14, 1977, a little more than three years. After oral argument the judge who suspended the unserved portion of the original prison sentence denied the motion.
On appeal defendant asserts:

 Point I Denial of defendant's motion for sentence credits
 violates his constitutional and statutory rights
 against double punishment for the same offense.
 Point II Denial of defendant's motion for sentence credits
 deprives him of equal protection of law.

We are satisfied that the failure to credit defendant with the time he spent on probation from November 20, 1974 until November 14, 1977 constitutes multiple punishment for the same offense and is therefore in violation of the Fifth Amendment's guarantee against double jeopardy. North *206 Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969); Oksanen v. United States, 362 F.2d 74 (8th Cir.1966).
Without question, the double jeopardy clause of the Fifth Amendment not only protects against a second prosecution for the same offense after acquittal, or after conviction, but also against "multiple punishments for the same offense." North Carolina v. Pearce, supra, 395 U.S. at 717, 89 S.Ct. at 2076.
"And * * * there has never been any doubt of [this rule's] entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence." 395 U.S. at 717-718, 89 S.Ct. at 2076, 2077, quoting from Ex parte Lange, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873). Additionally, it is also clear that the Fifth Amendment's protection applies to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
We believe it equally pertinent to point out that, contrary to the State's position, R. 3:21-8 has no application in this case. The rule deals with credit for confinement pending sentence and limits such credit to "time [defendant] has served in custody in jail or in a State hospital * * *." Thus, the State's reliance on State v. Smeen, 147 N.J. Super. 229 (App. Div. 1977), certif. den. 74 N.J. 263 (1977), is inappropriate. That case dealt with defendant's entitlement to credit on a custodial sentence for time spent between arrest and imposition of sentence in an in-patient drug abuse treatment program. We held he was not "in custody" within the intendment of the rule, and therefore not entitled to credit. We do not perceive our decision today to be in conflict with Smeen.
Nor are the facts in this case similar to State v. Braeunig, 135 N.J. Super. 89 (Law Div. 1975), mod. 140 N.J. Super. 245 (App. Div. 1976), certif. den. 66 N.J. 325 (1974). In Braeunig the court, in our judgment, properly denied defendant *207 credit pursuant to R. 3:21-8 for time spent under probationary supervision while on bail appealing a custodial sentence. Like Smeen, the court was dealing with an interpretation of what is "custody" prior to execution of the actual custodial sentence, and therefore the case has no application here.
In the case at hand we are dealing with additional punishment during service of a sentence previously imposed. In 1973 the defendant commenced serving a State Prison term of not less than 14 years nor more than 15 years in the New Jersey State Prison. When the balance of the original sentence was suspended and he was improperly placed on probation, defendant served an alternative disposition, i.e., probation. Unquestionably, probation is a form of punishment. In Guides for Sentencing, National Council on Crime and Delinquency (1957), reference is made to four dispositions: probation, imprisonment, fine and suspended sentence. In discussing probation the Guides state:
Probation is not granted out of a spirit of leniency. It involves placing an offender under the supervision of a probation officer for a specific period. The term "supervision" implies continuing control by the court through the agency of its probation officer. This control is manifestly of a different character from that present in a penal institution. During the period of supervision, the officer's guidance and direction continue to be exercised and the offender remains accountable to the court for his behavior. As the Wickersham Commission said, probation is not merely "letting the offender off easily."
[at 13-14; footnote omitted]
In Oksanen v. United States, supra at 81, the court concluded:
* * * This probation is a punishment tantamount to imprisonment. United States v. Rosenstreich, 204 F.2d 321 (2 Cir.1953). * * *
New Jersey has also recognized probation to be within the concept of punishment. Former Chief Justice Weintraub, in a strongly worded statement, underscored this point.
*208 Probation assumes the offender can be rehabilitated without serving the suspended jail sentence. But this is not to say that probation is meant to be painless. Probation has an inherent sting, and restrictions upon the freedom of the probationer are realistically punitive in quality. Hence the trial court did not err in recognizing that probation involves punishment. Nor can it be maintained that probation may not be ordered to the end that others may be deterred from lawlessness. See Herlands, "When and How Should a Sentencing Judge Use Probation?" 35 F.R.D. 487, 492-493 (1964). * * * [In re Buehrer, 50 N.J. 501, 509 (1967); footnote omitted]
Therefore, when the defendant was required to resume his original prison sentence without receiving credit for the probationary sentence, he was receiving a multiple punishment for the same offense. His original sentence was supplemented and extended. This is improper. A criminal sentence, while it may be reduced or corrected for legal and clerical errors pursuant to R. 3:21-10, cannot be so modified to impose a new and different sentence increasing a defendant's punishment. State v. Matlack, 49 N.J. 491 (1967), cert. den. 389 U.S. 1009, 89 S.Ct. 572, 19 L.Ed.2d 606 (1967); State v. Pratts, 145 N.J. Super. 79 (App. Div. 1975), aff'd o.b. 71 N.J. 399 (1975); State v. Laird, 25 N.J. 298 (1957); State in the Interest of C.B., 163 N.J. Super. 215 (Cty. Ct. 1978).
In North Carolina v. Pearce, supra, the Supreme Court concludes in broad and clear language:
We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense. * * *
[395 U.S. at 718-719, 89 S.Ct. at 2077; footnote omitted]
In sum, the effect of refusing defendant credit for the probationary period served after modification of his original sentence would be to impermissibly increase his sentence previously imposed, thus violating his basic Fifth Amendment guarantee against double jeopardy. That is, by failing to credit the defendant with the time of his probationary *209 sentence, the court is not only imposing a new and different sentence upon defendant, but also substantially increasing the original penalty imposed upon him.
The mandate of the Pearce decision cannot, in any meaningful fashion, be distinguished from the instant case. We hold that defendant's guarantee against double jeopardy requires that his present custodial sentence receive credit for the time he served the aforementioned probationary sentence. Under these circumstances, we need not examine defendant's argument invoking his constitutional right to "equal protection of the law," U.S. Const., Amend. XIV, § 1. The order of February 28, 1978 is reversed and the matter remanded for the fixing of the appropriate credit and the advisement to the proper authorities.
Reversed and remanded.