STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES LEE, DEFENDANT-APPELLANT.

Argued December 7, 1971—Decided January 17, 1972.

*Mr. Edward P. Hannigan,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Edwin H. Stern,* Chief Assistant Prosecutor, argued the cause for respondent (*Mr. Geoffrey Gaulkin,* Hudson County Prosecutor, attorney).

The opinion of the Court was delivered by

JACOBS, J.   The defendant pleaded guilty to impairing the morals of a minor (*N. J. S. A.* 2A:96–3) which is a misdemeanor carrying a maximum prison term of three years (*N. J. S. A.* 2A:85–7). After examination at the Diagnostic Center he was found to come within the Sex Offender Act (*N. J. S. A.* 2A:164–3 *et seq.*) and was committed for an indeterminate term not exceeding the three-year statutory maximum. *N. J. S. A.* 2A:164–6. However, in calculating the three-year period, the defendant was given no credit for

the period prior to his commitment during which he was confined mostly in the Hudson County Jail and also in the Diagnostic Center. In a post-conviction application the defendant sought to have such prior period of confinement credited towards his maximum term but his application was denied in the County Court. This was affirmed by the Appellate Division in a *per curiam* reported at 114 *N. J. Super.* 216 (1971). We granted certification on the defendant's petition. 59 *N. J.* 264 (1971).

Early in 1949 Governor Driscoll called a conference to consider the social and legal problems relating to repetitive sex offenders within the State. Elsewhere a model sex psychopath law had already been proposed. See Note, "The Legal Disposition of the Sexual Psychopath," 96 *U. Pa. L. Rev.* 872, 884–87 (1948). It provided for indeterminate civil commitments but its provisions were generally considered too drastic in the light of the limited and uncertain state of the psychiatric and medical knowledge in the field. The need for further and continuing study was accepted but interim legislation was thought desirable and was enacted in April 1949. See *L.* 1949, *c.* 20. That legislation directed that whenever a defendant is convicted of a designated sex offense, the Judge shall order a mental examination and if the defendant is found to be suffering from an "abnormal mental illness" the Judge shall order his commitment to an appropriate institution for a term "the maximum of which shall in no event exceed that provided by law for the crime of which such person was convicted." *L.* 1949, *c.* 20, *p.* 66. It is noteworthy that from inception the Legislature considered the primary safeguards of, (1) a criminal conviction and (2) a statutory maximum term, as sufficient to overcome any expressed doubts as to constitutionality and as to the adequacy of the professional knowledge and treatment in the field. See *Vuocolo, The Repetitive Sex Offender* 36 (1969).

On the date of the passage of *L.* 1949, *c.* 20, a Joint Resolution was approved creating a Commission to determine whether a new statute should be enacted to enable more ade-

quate treatment of the habitual sex offender or sex deviate. The Commission engaged a technical consultant and on February 1, 1950 submitted its report and recommendations. The report pointed out that as compared with other types of "psychological and constitutional abnormality," society was "peculiarly at a loss in the handling of abnormal sex offenders." *Report and Recommendations of the Commission on the Habitual Sex Offender* 15 (1950). It recommended that efforts be concentrated on sex offenders who are "a real menace to the community" rather than on minor sex offenders (*p.* 7), and that "indeterminate commitment without a terminal maximum" should be avoided (*p.* 34). In lieu of the 1949 statute the Commission suggested that a wholly new enactment be adopted providing for the treatment of persons convicted of designated sex offenses where their conduct was characterized by a pattern of "repetitive-compulsive behavior" accompanied by violence or age disparity (*p.* 9). On June 8, 1950 Governor Driscoll approved *L.* 1950, *c.* 207 (*N. J. S. A.* 2A:164–3 *et seq.*) which, for the most part, embodied the Commission's recommendations. As in the 1949 legislation, the primary safeguards of a conviction and a fixed maximum term were spelled out in the statute. *N. J. S. A.* 2A:164–3; *N. J. S. A.* 2A:164–6.

The 1950 statute eliminated from its scope certain offenses which the Commission considered minor and retained only the offenses and attempted offenses of "rape, carnal abuse, sodomy or impairing the morals of a minor" accompanied by violence or age disparity. *L.* 1950, *c.* 207, *p.* 454. However in 1951 the list of covered offenses was extended to include "open lewdness and indecent exposure" (*L.* 1951, *c.* 44), in 1954 it was extended to include "assault with intent to commit rape, carnal abuse, or sodomy" (*L.* 1954, *c.* 151), in 1956 it was extended to apply to "open lewdness or indecent exposure" whether or not accompanied by violence or age disparity (*L.* 1956, *c.* 37), in 1958 the age disparity provision in the statute was altered (*L.* 1958, *c.* 161), and in 1967 the list of covered offenses was extended to include "incest," and

also "private lewdness" whether or not accompanied by violence or age disparity. *L.* 1967, *c.* 274; see *N. J. S. A.* 2A:164–3; *N. J. S. A.* 2A:115–1; *State v. Raymond,* 74 *N. J. Super.* 434 (*App. Div.* 1962), *appeal dismissed,* 39 *N. J.* 241 (1963); *cf. State v. Beckett,* 56 *N. J.* 267 (1970); *Stanley v. Georgia,* 394 *U. S.* 557, 89 S. Ct. 1243, 22 *L. Ed. 2d* 542 (1969). These extensions rendered even more significant the safeguard of a fixed maximum statutory term, for without it a man might well be confined for life following a conviction for a relatively minor sex offense unaccompanied by violence or age disparity. See *L.* 1956, *c.* 37; *L.* 1958, *c.* 161; *L.* 1967, *c.* 274; *N. J. S. A.* 2A:164–3; *N. J. S. A.* 2A:164–5. It need hardly be noted that throughout the course of the cited amendments the Legislature always retained the statutory provision that where the court commits the defendant to an institution under the Sex Offender Act the defendant shall "in no event" be "confined or subject to parole supervision for a period of time greater than that provided by law for the crime" of which the defendant was convicted. *N. J. S. A.* 2A:164–6.

Although the Act has on several occasions been passed upon in this Court, our opinions have not heretofore dealt with the particular issue now presented to us. See *State v. Newton,* 17 *N. J.* 271 (1955); *State v. Wingler,* 25 *N. J.* 161 (1957); *State v. Horne,* 56 *N. J.* 372 (1970). Nor have any Appellate Division decisions prior to the one now under review passed on it. Our present rules contain an explicit direction that the defendant shall receive credit on the term of a "custodial sentence" for any time he has served "in custody in jail or in a state hospital" between his arrest and the imposition of sentence. *R.* 3:21–8; *cf.* 18 *U. S. C. A.* § 3568 (1968); *Cephus v. United States,* 128 U. S. App. D. C. 366, 389 *F. 2d* 317 (1967); *Sawyer v. Clark,* 128 U. S. App. D. C. 206, 386 *F. 2d* 633 (1966); see also *Culp v. Bounds,* 325 *F. Supp.* 416 (*W.D. N.C.* 1971). Earlier rules contained language largely to the same effect. See *R. R.* 3:7–10(g); *State v. Benes,* 16 *N. J.* 389, 396 (1954). In holding that the

defendant Lee was not entitled to credit for the time he spent in confinement at the Hudson County Jail and the Diagnostic Center, the Appellate Division narrowly construed the cited rule as inapplicable to a custodial "commitment" under the Act which it viewed as not being a custodial "sentence" within the contemplation of the rule. 114 *N. J. Super.* at 219–221. We disagree, for whatever basis there may be for differentiating in other contexts between a custodial commitment and a custodial sentence (*cf. State v. Schreffler,* 63 *N. J. Super.* 148, 152 (*App. Div.* 1960)), we find no basis for differentiating between them in the present context. Surely no member of this Court had any such semantical differentiation in mind when he voted for the adoption of *R.* 3:21–8 and its predecessors.

In *State v. Wingler, supra,* 25 *N. J.* 161, we sustained the constitutionality of the Sex Offender Act and in the course of our opinion we referred repeatedly to the defendant's sentence under the Act. Similarly in *State v. Horne, supra,* 56 *N. J.* 372, we referred to the sentencing process within the Act and to the defendant's sentence thereunder. Where, as here, the defendant was not placed on probation (*N. J. S. A.* 2A:164–6(a)) but was committed to an institution (*N. J. S. A.* 2A:164–6(b)), his *sentence* under the Act was clearly a *custodial* one which comes within the letter as well as the purpose of the rule. In broadly applying the rule we are furthering the legislative goal in fixing the maximum statutory term as the outer limit of the defendant's confinement. It is true that crediting the defendant with the time he was confined prior to his commitment will shorten the time available for his treatment, and hopefully his cure, but that would appear to be simply an accompaniment of the statutory policy which relates to the length of confinement and not to the length or success of treatment.

Finally, we note that the official records indicate that most defendants who have heretofore been committed under the Sex Offender Act have actually received credit towards their maximums for the period confined in jail or hospital prior to

commitment under the Act. This may well be viewed as practical construction supporting our interpretation of the pertinent statutory provision (*N. J. S. A.* 2A:169–6) and Court Rule (*R.* 3:21–8). See *State v. Clark,* 15 *N. J.* 334, 341 (1954); *Lloyd v. Vermeulen,* 22 *N. J.* 200, 210 (1956); *Pringle v. N. J. Dept. of Civil Service,* 45 *N. J.* 329, 332–333 (1965).

Reversed.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—6.

*For affirmance* — None.