147 N.J. Super. 24 (1977)
370 A.2d 519
STATE OF NEW JERSEY, IN THE INTEREST OF W.M., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1977.
Decided February 1, 1977.
*25 Before Judges FRITZ, ARD and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James R. Kinarney, Assistant Deputy Public Defender, Appellate Section, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Peter N. Gilbreth, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by ARD, J.A.D.
The single question raised in this appeal is whether a juvenile who receives a custodial disposition is entitled to credit for time spent in custody between his arrest and the commitment.
R. 3:21-8 governs adult criminal sentencing and provides that
The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.
*26 The parties agree that R. 3:21-8 has no counterpart in the rules governing the Juvenile and Domestic Relations Court. However, appellant, joined by respondent, submit that due process and fundamental fairness require that the same credit provided an adult be provided in juvenile proceedings. We agree.
In the landmark case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the basic protections of right to counsel, notification of charges, privilege against self-incrimination, confrontation and cross-examination were recognized as essential rights of juveniles. Thereafter both federal and state decisions have consistently expanded the rights and protections of juveniles. See Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State in the Interest of A.R., 57 N.J. 71 (1970); State in the Interest of Carlo, 48 N.J. 224 (1966); R. 5:9-1 (Comment).
In light of the litany of cases, all of which expand the rights of juveniles to those afforded their adult counterpart, we perceive no reason why the juvenile should not receive credit for time spent in custody. It has not been suggested, nor can we conceive of a reason, why custody credit would be detrimental to the rehabilitative process of the juvenile. Absent a cogent reason to treat the juvenile differently, we deem it a matter of fundamental fairness that the juvenile receive credit for predisposition custody. In State v. Lee, 60 N.J. 53 (1972), the Court held that defendant was entitled to credit for the time he spent in confinement at the Hudson County Jail and the Diagnostic Center, thus clarifying the meaning of the term "custodial sentence." In justifying its broad approach to the term, the court went on to say
* * * [W]e are furthering the legislative goal in fixing the maximum statutory term as the outer limit of the defendant's confinement. It is true that crediting the defendant with the time he was confined prior to his commitment will shorten the time available *27 for his treatment, and hopefully his cure, but that would appear to be simply an accompaniment of the statutory policy which relates to the length of confinement and not to the length or success of treatment. [at 58]
We deem the juvenile confinement to be analogous and the philosophy of the court in Lee to be pertinent to the question of granting a juvenile credit for predisposition custody.
Moreover, we are satisfied that R. 3:21-8 applies to juveniles. Prior to the 1969 revision of the Rules Governing the Courts of the State of New Jersey, R.R. 3:1-1 provided as follows:
These rules govern the practice and procedure in the Superior Court and county courts in all criminal proceedings and, insofar as they are applicable, the practice and procedure on indictable offenses in all other courts except the juvenile and domestic relations courts. [Emphasis supplied]
A fair reading of the rule prior to 1969 would indicate that a Part III rule could not govern the practice and procedure in the Juvenile and Domestic Relations Court. The exception incorporated in the rule is unequivocal. R. 3:1-1, adopted as part of the 1969 revision, contains significantly different language with regard to the Juvenile and Domestic Relations Court. It provides:
The rules in Part III govern the practice and procedure in the Superior Court and county courts in all criminal proceedings and, insofar as they are applicable, the practice and procedure on indictable offenses in all other courts except in juvenile delinquency and criminal proceedings in the juvenile and domestic relations court which are otherwise expressly provided for in Part V. The Tentative Draft Comment concerning this rule states in part:
* * * [T]his rule has been modified to provide for the applicability of Part III rules to such proceedings except as the rules of the juvenile and domestic relations court (proposed Part V) otherwise provide. [Emphasis supplied]
We have already indicated that Part V does not include a provision which would entitle a juvenile to credit for predisposition custody. We further observe that Part V does *28 not contain any other provision which would be repugnant to the incorporation of R. 3:21-8 in juvenile sentencing.
The record is deficient as to the exact amount of credit due the juvenile, and therefore the matter is remanded in order that he may be properly credited.