147 N.J. Super. 229 (1977)
371 A.2d 93
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS SMEEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1977.
Decided February 9, 1977.
*231 Before Judges FRITZ, ARD and PRESSLER.
Mr. Michael R. Klekman, Assistant Deputy Public Defender, argued the cause for the appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Mart Vaarsi, Deputy Attorney General, argued the cause for the respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal raises the novel question of whether a defendant is entitled, pursuant to R. 3:21-8, to credit on a custodial sentence for time spent by him between his arrest and the imposition of sentence in an in-patient drug abuse treatment program where his participation therein was a condition of his release on bail pending trial.
Defendant Thomas Smeen was arrested by the Prospect Park police on November 25, 1974 while in the process of attempting to rob a Garden State Store. He was subsequently identified as the person who had successfully robbed a Garden State Store in Clifton the previous evening, and was arrested by the Clifton police as well. On December 17, 1974, defendant, a long-term drug addict, was released on bail in the amount of $5,000 subject, further, to "probationary supervision and drug dependency rules." The drug dependency rules, constituting special conditions of probation, required him, among other things, to admit himself to treatment center "as arranged by the Probation Department." He accordingly admitted himself to St. Dismas on January 3, 1975, but left the same day. He entered Integrity House on January 27, 1975, but left there nine days later. Sometime *232 in late February 1975 he reentered St. Dismas where he remained until his departure "on an impulse" on April 21, 1975. His bail was finally revoked in late June 1975 when his probation officer reported to the court that he had resumed regular heroin use.
Two indictments were returned against defendant on March 4, 1975, one charging him with assault upon the Prospect Park store employee with intent to rob, and the other, in two counts, charging him with robbery of one of the clerks of the Clifton store and assault upon the other clerk with intent to rob. Pursuant to plea negotiations he pleaded guilty to the robbery count of the "Clifton" indictment and to the single count of the "Prospect Park" indictment. The State's undertaking was the dismissal of the "Clifton" assault count and the recommendation of concurrent sentences on the two counts to which he pleaded. Defendant was sentenced in July 1975 to a 5-7 year term in State Prison on the robbery count and a concurrent 1-3 year maximum term on the assault count. He appeals from the sentences on the ground of their alleged excessiveness, and he appeals from the trial judge's disallowance of credit for the approximately two-month period he had spent in the drug abuse treatment programs.
We are satisfied that the appeal from the sentences is without merit in view of the seriousness of these offenses, defendant's lengthy criminal record, and the number of opportunities he has already been afforded for drug rehabilitation, which have not succeeded in controlling his addiction. We note that not only did he fail to complete any program during the bail release here, but that he was also involved in and abandoned a methadone maintenance program, and spent approximately five months in the Lexington, Kentucky Drug Rehabilitation Facility some years ago. In short, we discern neither an abuse of the judge's discretion nor any compelling circumstances which would warrant a modification of these sentences. State v. Spinks, 66 N.J. 568 (1975).
*233 We further conclude that the judge did not err in denying the credit. R. 3:21-8 requires that credit be given for time "served in custody in jail or in a state hospital." Defendant argues that St. Dismas and Integrity House are sufficiently akin to a jail or a state hospital to meet the prescriptions of the rule. The flaw in defendant's argument is, however, its essential disregard of the requirement of the rule that time for which credit is mandated is time spent "in custody." We regard custody as denoting an involuntary confinement in either a penal or medical facility, and the critical aspect of involuntariness in this regard is, tautologically, defendant's not being at liberty by an exercise of his own will to choose to leave that facility. The programs here involved were patently of the "open-door" type. Defendant was not only free to leave but, in fact, did leave on three separate occasions by his own volition.
Not only is it clear that the drug-treatment facilities here involved have no mechanism or authority to prevent a patient from voluntarily leaving at any time, but there is, moreover, no suggestion that such a departure could subject the defendant to any new or additional penalty or burden. It would appear clear that such a departure would not constitute the misdemeanor of escape under these circumstances. Cf. State v. Walker, 131 N.J. Super. 547 (App. Div. 1974). Furthermore, while a violation of a preconviction probation condition might well justify modification of the terms of presentence release, it is not at all clear that such a violation would subject the defendant to a charge of probation violation pursuant to N.J.S.A. 2A:168-4 and to the consequences thereof.
We are aware, of course, that R. 3:21-8 requires liberal construction in order to ensure that there is no possibility of a defendant actually serving more than the maximum sentence imposed. See State v. Lee, 60 N.J. 53 (1972); State v. Beatty, 128 N.J. Super. 488, 491 (App. Div. 1974). We are, however, satisfied that probationary supervision either before or after conviction is, ordinarily, not *234 custody either in concept or in practical effect, but is rather an alternative to custody. See, e.g., Adamo v. McCorkle, 13 N.J. 561 (1953); State v. Braeunig, 135 N.J. Super. 89, 94 (Law Div. 1975), mod. on other grounds 140 N.J. Super. 245 (App. Div. 1976). See also, American Bar Association, Standards Relating to Pretrial Release, § 5.2(b) and commentary thereon (1968), and cf. R. 3:21-10(b) (modification of sentence) distinguishing between a custodial and a non-custodial (rather than an in-patient and an out-patient) drug abuse treatment program. In short, defendant here was not confined pending trial. He was released on condition in lieu of custodial confinement. The condition itself, because of the "open-door" nature of programs, did not constitute an involuntary confinement. He was, therefore, not in custody within the intendment of the rule and is not entitled to credit for the time he spent in the programs.
Affirmed.