157 N.J. Super. 107 (1978)
384 A.2d 563
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLIFFORD BABCOCK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 14, 1978.
Decided March 10, 1978.
*108 Before Judges FRITZ, BOTTER and ARD.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Mark H. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John Degnan, Attorney General of New Jersey, attorney for respondent (Mr. William F. Hyland, former Attorney General of New Jersey, and Mr. William F. Bolan, Jr., Deputy Attorney General, on the letter brief).
PER CURIAM.
The only grounds urged on this appeal by defendant are the illegality of one sentence and the excessiveness of another.
Defendant was charged in a three-count indictment with atrocious assault and battery (N.J.S.A. 2A:90-1), rape (N.J.S.A. 2A:138-1) and assault with intent to commit rape (N.J.S.A. 2A:90-2). He pleaded guilty to rape and *109 the State recommended dismissal of the other two counts. He was sentenced to five to seven years in State Prison, the sentence was suspended and defendant was placed on probation for three years conditioned upon his completing a prescribed in-patient and out-patient alcoholic treatment program. Defendant absented himself without authorization from the program and thereby materially violated an important condition of his probation.
He was returned to the sentencing judge on a charge of violation of probation. His guilt of this charge was abundantly apparent; defendant pleaded guilty to it. The judge resentenced defendant to five to seven years in State Prison, the same sentence originally imposed and one well within statutory limits. Then he said:
With regard to, however, the violation of probation which I consider a separate offense, separate and apart from the original crime of rape, I am going to impose a separate sentence which may be novel but I think that it has behind it imminent [sic] good sense. You have pleaded guilty to the violation of probation by reason of walking out of Dismas House which, in effect, is a separate offense of escape. For that offense I'm going to sentence you to a year less a day in the Morris County Jail. That sentence is to be consecutive to the sentence you will serve in State Prison. I will suspend all but six months of that and I will place you on probation for three years. * * *
Defendant urges that in the imposition of an additional penalty for violation of probation the judge violated his sentencing prerogative. The State agrees and so do we. Probation is wholly a statutory device controlled by N.J.S.A. 2A:168-1 et seq. (See also N.J.S.A. 2A:164-16, authority for "split sentences" to county institutions only.) In connection with violation of probation, there is provided:
* * * [T]he court, after summary hearing, may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed. * * * [N.J.S.A. 2A:168-4]
*110 No provision appears for an additional penalty for violation of probation. Unless and until the Legislature provides for such a penalty the court may not impose it.
The judge regarded violation of probation as an escape. See N.J.S.A. 2A:104-6. Cf. State v. Smeen, 147 N.J. Super. 229 (App. Div. 1977), certif. den. 74 N.J. 263 (1977) (in which case defendant was in an "open-door" program and "free to leave," id. 147 N.J. Super. at 233), and State v. Walker, 131 N.J. Super. 547 (App. Div. 1974). But cf. State in Interest of M.S., 73 N.J. 238 (1977). But we need not and do not decide whether a violation of a probation condition requiring residence constitutes the separate offense of escape. The fact of the matter is that defendant was not in any event charged with that offense here.
Defendant also argues that the State Prison sentence "is manifestly excessive and unduly punitive." Considering the nature of the crime and defendant's prior record we are not at all persuaded that the sentencing judge mistakenly exercised his discretion in the sentence imposed or that the sentence is manifestly excessive. State v. Knight, 72 N.J. 193 (1976); State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
The county jail sentence is vacated and the State Prison sentence is affirmed. The matter is remanded for correction of the judgment record.