183 N.J. Super. 234 (1982)
443 A.2d 772
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL CARLOUGH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 4, 1982.
Decided March 10, 1982.
*235 Before Judges MILMED, JOELSON and GAULKIN.
Stanley C. Van Ness, Public Defender, attorney for appellant (David L. Kervick, Assistant Deputy Public Defender, on the brief).
James R. Zazzali, Attorney General, attorney for respondent (Frederick S. Cohen, Deputy Attorney General, of counsel; Frederick S. Cohen and Debra L. Stone, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Following his plea of guilty to escape (N.J.S.A. 2C:29-5(a)) defendant was sentenced to probation for a period of five years "and to be confined to the Middlesex County Adult Correction Center as a condition of that probation for a period of 180 days." This appeal challenges the further direction of the trial court that
Credit for time of 94 days may NOT be used for the condition of probation confinement of 180 days at the Adult Correction Center.
We find that the denial of the 94-day credit, for time spent in the county jail between arrest and sentencing, contravenes R. 3:21-8:
The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.
Although the trial judge did not address R. 3:21-8 in imposing the sentence, the State urges that it is not applicable here because the court imposed a probationary sentence and not a *236 "custodial sentence." We find that to be an unrealistic and inappropriate reading of the language and intendment of the rule.
N.J.S.A. 2C:43-2(b)(2) authorizes a sentence of probation and further allows, in the case of a person convicted of a crime, "imprisonment for a term fixed by the court not exceeding 180 days to be served as a condition of probation." Those provisions are restated in N.J.S.A. 2C:45-1(c) with this additional direction:
The term of imprisonment imposed hereunder shall be treated as part of the sentence, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent sentence.
In its commentary on these provisions[1] the Criminal Law Revision Commission noted that "the authorization of a sentence combining probation and imprisonment" is comparable to N.J.S.A. 2A:164-16, which authorized "split sentences" to county institutions. See 2 Final Report of the New Jersey Criminal Law Revision Commission (1971), at 314, 345.
Both in concept and in actuality, then, the probation "condition" entails a "sentence" of "imprisonment." That the imprisonment is accompanied by or encompassed within a probationary sentence does not deprive it of its character as a "custodial sentence" against which credit must be given under R. 3:21-8.
In State v. Lee, 60 N.J. 53 (1972), the Supreme Court held that R. 3:21-8 required the grant of time credits against a "commitment" made pursuant to the Sex Offender Act (N.J.S.A. 2A:164-3 et seq., now repealed). Justice Jacobs spoke for the court in finding no basis to differentiate between a custodial "sentence" and a custodial "commitment":
Surely no member of this Court had any such semantical differentiation in mind when he voted for the adoption of R. 3:21-8 and its predecessors. [60 N.J. at 58].
Since defendant had been committed to an institution and not released on probation,

*237 ... his sentence under the Act was clearly a custodial one which comes within the letter as well as the purpose of the rule. [Ibid., emphasis in original]
We find this reasoning to be compelling here. The sentence under review combines probationary and custodial terms and the custodial term must be said to come within the letter and purpose of R. 3:21-8.
We find unpersuasive the State's further arguments that the grant of credits would be contrary to the legislative intent. Except in a few particulars, N.J.S.A. Title 2C does not address questions of time credits; there is no sound reason to conclude that application of R. 3:21-8 would conflict with the legislative scheme.
Defendant also urges the sentence is excessive apart from the denial of time credits, but we find it unexceptionable. State v. Whitaker, 79 N.J. 503 (1979); State v. Spinks, 66 N.J. 568 (1975).
The direction of the trial court denying defendant credit under R. 3:21-8 on the custodial portion of the sentence is reversed. The matter is remanded to the trial court for the entry of an appropriate order allowing such credit. The judgment of conviction and order for commitment is in all other respects affirmed.
NOTES
[1] The original Code of Criminal Justice proposal would have limited imprisonment as a condition of probation to 90 days. See 1 Final Report of the New Jersey Criminal Law Revision Commission (1971), at 146.