STATE OF NEW JERSEY, PLAINTIFF, v. RUSSELL
BURKE, DEFENDANT.

Superior Court of New Jersey
Monmouth County Law Division

Decided February 18, 1983.

*Alan S. Kaplan* for defendant (*Lomurro, Eastman & Collins,*
attorneys).

*Linda Kenney,* Assistant Prosecutor for the State (*Alexander Lehrer,* Monmouth County Prosecutor, attorney; *William J. Zaorski,* Assistant Prosecutor, on the brief).

McGANN, J.S.C.

Is the sentencing framework of the New Jersey Code of Criminal Justice constitutional in permitting, as it does, a custodial sentence for a violation of a prior probationary sentence which had included a condition of serving custodial time in the county jail? The answer is important for the question implicates a procedure routinely followed. For the reasons set forth below, those legislative provisions are held constitutional.

On December 11, 1981 Russell Burke was sentenced on his plea of guilty to credit card theft. He was placed on probation for a period of one year and, as a condition of probation, directed to serve the first six months in the County Correctional Institution. Costs of $14 and a penalty of $25 payable to the Violent Crimes Compensation Board were imposed. Credit was given for 41 days previously spent in jail. Two associated counts of the indictment were dismissed.

Burke served a total of 138 days (including presentence credit) when, with good time credit, he was discharged from custody and placed under active probation supervision. Thereafter, on January 7, 1983 he pleaded guilty to violating his probation in that on May 30, 1982 he committed the crime of unlawful possession of L.S.D., for which he was sentenced to four years to the custody of the Commissioner.

As a probation violator he was sentenced to 18 months to the custody of the Commissioner of Corrections (consecutive to the above) and given credit for 138 days previously served.[1] This

---

[1]Counsel for defendant argues that defendant is entitled to credit of 180 days on this sentence even though he actually served only 138 days under the probationary sentence. This court rejects that argument as irrational. One

was directed to be served consecutively to the sentence imposed for the crime which led to the violation.

There can be no question that the Legislature authorized the procedure followed. *N.J.S.A.* 2C:43–2, in pertinent part, provides:

a. ... all persons convicted of an offense ... shall be sentenced in accordance with this chapter.

b. ... subject to the applicable provisions of the code, the court ... may sentence him (*i.e.* a person who has been convicted of an offense) as follows:

.    .    .    .    .    .    .    .

(2) To be placed on probation and, in the case of a person convicted of a crime to imprisonment for a term fixed by the court not exceeding 180 days to be served as a condition of probation ....

### *N.J.S.A.* 2C:45–1(c) provides:

When the court sentences a person who has been convicted of a crime to be placed on probation, it may require him to serve a term of imprisonment not exceeding 180 days as an additional condition of its order.... The term of imprisonment imposed hereunder shall be treated as part of the sentence, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent sentence.

### *N.J.S.A.* 2C:45–3(b) provides:

When the court revokes a .... probation, it may impose on the defendant any sentence that might have been imposed originally for the offense of which he was convicted.

Defendant argues that the statutory scheme is unconstitutional as permitting exposure to multiple punishment, in violation of the Fifth Amendment. He cites *State v. Ryan,* 86 *N.J.* 1 (1981), in support of that view. *Ryan* was a pre-Code case. There the defendant was sentenced to the State Prison for not less than three nor more than five years. He served about six months of that sentence when, on his application under *R.*3:21–10, the trial judge reconsidered that sentence and resentenced him to a suspension of the balance of the custodial term and a probationary term of two years on condition of entering and completing a

---

does not get credit for time served when the time was not served. *See State v. Ryan,* 86 *N.J.* 1, 5 (1981).

drug rehabilitation program. He violated that condition, fled to New York and there committed a series of crimes. When captured he was returned as a probation violator. The original sentencing judge then imposed a sentence of not less than five nor more than seven years on him as a probation violator. Full credit was accorded for all custodial time previously spent. That sentence was one which originally could have been imposed for the crime. On appeal the Supreme Court held that, under those circumstances, a violation of double jeopardy concepts had occurred—that on the violation of probation no sentence greater than the original three to five could be imposed. Its rationale was this: Constitutional jeopardy from the standpoint of a custodial sentence commences when the defendant begins serving his sentence. Any increase thereafter violates that clause of the Fifth Amendment to the United States Constitution which provides: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Despite the intervening proceedings brought successfully by the defendant under *R.*3:21–10 to ameliorate his situation, and even though faithless to his promise of good behavior, when retaken and replaced in custody on proceedings traceable to the original charge the State cannot exact a higher penalty—no matter how egregious the behavior of the defendant while on probation and despite *N.J.S.A.* 2A:168–4.[2]

Does that reasoning apply to this Code offense and sentence?

The majority in *Ryan* used essentially the same analytical approach adopted by the majority in *United States v. DiFrancesco,* 449 *U.S.* 117, 101 *S.Ct.* 426, 66 *L.Ed.*2d 328 (1980), namely, what were the legitimate expectations of the defendant as to the outer limits of his sentence at the time he began serving it. The defendant's question is, "How much time will I have to do?".

---

2  .... Thereupon the court, after summary hearing, may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed.....

The answer at that point is, "With your sentence and assuming that you do not get into institutional trouble and that you will earn the usual work and good time credits, you will probably be out on parole at about (some specified) future date." Both courts held, absent statutory qualifications discussed below, that the sentence cannot thereafter be increased. It is questionable whether the rationale is grounded in double jeopardy or rather out of a sense of due process and basic fairness. A double jeopardy approach is legally artificial, as the discussions in both cases show. But whether public policy or constitutional double jeopardy, the result is the same.

*DiFrancesco* stands for the proposition that when deciding what are the legitimate expectations of the defendant, he must be held to include in his view of his future the reality of existing laws which may affect that future. The "multiple punishment" argument comes down to no more than that a defendant "may not receive a greater sentence than the legislature has authorized." (101 *S.Ct.* 438) In *DiFrancesco* the existing law was the right granted the government by Congress to appeal a dangerous special offender sentence and have it increased. In both *Ryan* and *DiFrancesco* the courts agree that the legitimate expectations of a defendant sentenced to probation must include the statutory provision that upon violation he could be sentenced to whatever maximum custodial sentence could have been imposed originally.[3]

The *Ryan* opinion parts company with that in *DiFrancesco* apparently on the basis that the favorable court action on Ryan's motion under *R.*3:21–10, in the suspension of his further service of the custodial term and placing of him on probation, did not and should not change his original legitimate expectations as to the duration of his sentence. In other words, at the

---

[3]Footnote 1 in *Ryan, supra* at 4, applied only to pre-Code sentences. There is no sentencing option available under the Code for a specified custodial term which is then suspended with a probationary term imposed. *N.J.S.A.* 2C:43–2(b).

point he was placed on probation he should not be held to the legislative warning contained in *N.J.S.A.* 2A:168–4, that for the violation of that probation he could be sentenced up to the maximum custodial term for the original crime.

The differences between this case and *Ryan* are obvious. The complicating factor of a resentencing application under *R.*3:21–10 is not here present. *Ryan's* sentence was in accordance with the prior sentencing legislation; Burke's is under the new Code, which does legislate a series of sentencing options not previously available. A sentence to probation was not a pre-Code option. *Ryan, supra,* 84 *N.J.* footnote 4 at 7. In *Ryan* the original sentence was custodial; here the sentence was probationary. The six months jail time was simply a condition of probation. The Legislature viewed it, as all other conditions of probation, as a psychological tool looking toward ultimate rehabilitation of the accused. It was not a maximum time toward which a defendant would look.

In terms of the *DiFrancesco-Ryan* analysis Burke had no legitimate expectation when sentenced that six months was his ultimate custodial exposure. Rather, he is held to have known that his probationary sentence was a conditional one and that he remained "subject to a prison term for failure to comply with the conditions imposed by the court." *Ryan, supra,* footnote 4 at 7.

Note should be taken of one[4] post-Code case which has language bearing on the problem. In *State v. Farr,* 183 *N.J.Super.* 463 (App.Div.1982), defendant had been convicted of armed robbery. He was sentenced to State Prison for ten years. That

---

[4]Defendant cites *State v. Carlough,* 183 *N.J.Super.* 234 (App.Div.1982), as supportive of his position. *Carlough* holds nothing more than that, when a probationary sentence is imposed and a custodial period is made a condition thereof, credit for presentence jail time must be given. That was done here on the original sentence.

sentence was suspended [5] and defendant was placed on probation for five years. As a condition of probation, defendant was to be confined to the Middlesex County Adult Correctional Center for a period of 90 days, with 48 days credit for time served.

Defendant appealed his conviction. The State appealed the leniency of his sentence pursuant to *N.J.S.A.* 2C:44–1(f)(2). That statute provides:

> In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted. *If the court does impose sentence pursuant to this paragraph, or if the court imposes a non-custodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution.* [Emphasis supplied].

As soon as sentence was imposed the State immediately sought a stay of its execution pending appeal. The trial judge denied that motion and directed (erroneously) that defendant immediately commence serving the custodial portion of his probationary sentence. The State, within the ten days provided by the statute, filed its notice of appeal. What it neglected to do was to ask the Appellate Division for a stay of the sentence pending appeal.[6] A stay was finally sought a month later, but by then the convict had served a month of the custodial portion of his probationary sentence. In any event, the Appellate Division denied the stay sought, so that by the time the appeal and cross-appeal were decided, defendant had served the entire custodial portion of his probationary sentence. The Appellate Division affirmed the conviction. It ruled constitutional the legislative grant of a limited appeal by the State of the leniency

---

[5]As noted in footnote 3 above, this is not a form of sentence authorized by the Code.

[6]The stay now is automatic on the filing of the appeal. *R.*2:9–3(d) amended effective September 14, 1981.

of the sentence. It intimated an inclination to grant the State's substantive appeal of the leniency of the sentence but held it could not, because to do so and to remand for a more severe sentence would violate the constitutional prohibition of multiple punishment barred by the Double Jeopardy Clause. It reasoned that since defendant had completed the custodial portion of his sentence it could not thereafter be increased by action of the State under the limited right to appeal granted to it by the Legislature. Read literally, the language in *Farr* might seem to apply here. The result in *Farr* seemed to be dictated more by a series of mistakes on the part of the State and court in attempting to follow a very newly granted limited right of appeal to the State.

Read literally, *Farr* is incorrect in terming the original sentence given defendant as "custodial." It was not. It was a probationary sentence with a custodial period as a condition of probation. *N.J.S.A.* 2C:43–2(b)(2), above. Likewise suspect is dictum in *State v. Watson*, 183 *N.J.Super.* 481 (App.Div.1982).

For the foregoing reasons I rule that a custodial sentence (with appropriate credits) may be imposed for a violation of probation even though the custodial condition of that probationary sentence has been fully served.