STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FREDERICK FRANKLIN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 9, 1985—Decided January 25, 1985.

Before Judges FRITZ, GAULKIN and LONG.

*Joseph H. Rodriguez,* Public Defender, attorney for appellant (*Elizabeth Thomas Colaneri,* Designated Counsel, on the brief).

*Irwin I. Kimmelman,* Attorney General, attorney for respondent (*Marijean Raffetto Stevens,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Pursuant to his plea of guilty to third-degree theft (*N.J.S.A.* 2C:20–3), defendant was sentenced on November 25, 1981 to a two year probationary term with a condition that he serve "the first 60 days" in the Monmouth County Correctional Institution. *See N.J.S.A.* 2C:43–2b(2). After he served the custodial portion of that probationary sentence and while still on probation, defendant was arrested and convicted of criminal trespass (*N.J. S.A.* 2C:18–3). On August 13, 1982 he was sentenced on the trespass conviction to a custodial term of 12 months. Upon his plea of guilty to probation violation, defendant was also resentenced on the theft conviction to a concurrent custodial term of 4 years, against which he was granted credit of 41 days for time spent in custody while on probation. He appeals from both the trespass and the violation of probation judgments.

We find unpersuasive defendant's contention that the 1982 custodial sentence imposed on the probation violation constituted double jeopardy because he was thereby subjected to "a custodial term in excess of the custodial term originally imposed and served as a condition of the probation sentence." The probationary term originally imposed was a "conditional sentence" under which defendant remained subject to a prison term for failure to comply with the conditions imposed by the court. *State v. Ryan,* 86 *N.J.* 1, 7 n. 4, *cert.* den. 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981); *N.J.S.A.* 2C:45–3a(4).

*Ryan* found it "beyond question" that the "imposition of a custodial term after revocation of probation does not violate a defendant's double jeopardy rights." 86 *N.J.* at 8. It is immaterial whether a defendant has served a term of imprisonment or simply reported to a probation officer or performed some other obligation as a condition of his probation: in any such case, the court is authorized to impose a custodial sentence upon a probation violation.

Although it has been said that "jeopardy attaches once the defendant has commenced serving his prison term," *Ryan,* 86 *N.J.* at 10, that principle applies only where the commencement of the sentence is "coupled with the defendant's expectation of finality in his original underlying conviction and sentence." *State v. Rodriguez,* 97 *N.J.* 263, 270 (1984). Here, unlike *Ryan,* the original sentence imposed was conditional only and defendant accordingly had no legitimate expectation that the probationary sentence represented his maximum penal exposure at the time the sentence was imposed and his term of imprisonment began. The probationary sentence carried with it, as an essential term, the potential of a further custodial term if the conditions of probation were not fulfilled. That sentence was neither set aside nor increased after defendant commenced performing the obligations which it imposed. *Compare State v. Farr,* 183 *N.J.Super.* 463 (App.Div.1982); *State v. Watson,* 183 *N.J.Super.* 481 (App.Div.1983). The probationary sentence was not changed at all, but was simply carried out according to its terms. *See Ryan,* 86 *N.J.* at 10. Defendant's service of a term of imprisonment as a condition of his probation thus did not raise any constitutional bar against imposition of a further term of imprisonment upon resentencing following a probation violation. *See Rodriguez,* 97 *N.J.* at 270; *see also State v. Burke,* 188 *N.J.Super.* 649 (Law Div.1983); *cf. United States v. DiFrancesco,* 449 *U.S.* 117, 101 *S.Ct.* 426, 66 *L.Ed.*2d 328 (1980).

Defendant correctly points out that at his 1981 sentencing the judge did not "spell out in unmistakable terms precisely what

penalties may await a defendant who does not adhere to the conditions of his probation," as recommended by *Ryan*, 86 *N.J.* at 4 n. 1. But defendant had been placed on probation on at least two prior occasions as a juvenile and an adult; moreover he had executed a certification upon commencing this probationary term that he understood "that failure to comply on my part may result in the revocation of my probation and resentencing by the Court." Given those facts and the mandate of *N.J.S.A.* 2C:45-3a(4), we reject the suggestion that defendant entertained a reasonable expectation that no further custodial sentence could be imposed upon a violation of probation. *Compare Ryan*, 86 *N.J.* at 18 (Schreiber, J., dissenting).

Defendant also contends that "the court did not take into consideration as a mitigating factor the intoxication of the defendant when sentencing him to 12 months in state prison for criminal trespass." We are satisfied that the sentencing judge gave heed to the legislative policies and to the relevant aggravating and mitigating factors and that the sentence which he fashioned was entirely proper. *See State v. Roth*, 95 *N.J.* 334, 364 (1984).

The judgments under review are affirmed.