202 N.J. Super. 478 (1985)
495 A.2d 454
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALAN SAPERSTEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 12, 1985.
Decided July 10, 1985.
*480 Before Judges FRITZ, GAULKIN and LONG.
Stephen A. Russo, attorney for appellant.
Irwin I. Kimmelman, Attorney General, attorney for respondent (Steven Pasternak, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant appeals from a judgment of conviction entered upon his guilty pleas and from an order modifying the sentences in part. His principal contention is that the sentences are "violative of the plea bargain agreement."
*481 On June 22, 1983 defendant pleaded guilty to bribery (N.J.S.A. 2C:27-2) and conspiracy to commit theft by deception in an amount over $75,000 (N.J.S.A. 2C:5-2; N.J.S.A. 2C:20-4; N.J.S.A. 2C:20-2b(1)). The State agreed to recommend that the two offenses, both second-degree, would be treated as third-degree crimes for sentencing (N.J.S.A. 2C:44-1f(2)) and that the sentences would be concurrent. In response to the plea judge's inquiry, defendant acknowledged that he was guilty of having "committed an act of bribery by conferring a pecuniary benefit of approximately $150,000 on Anthony Quintana, a public servant" and that he "purposely aided and abetted Anthony Quintana to obtain the property of the Jersey City Medical Center valued at over $75,000."
The judge explained to defendant that "under the plea bargain you could get concurrent terms of five years and/or $7500 and the Court could set a minimum parole ineligibility of up to two and one-half years," that "if you're put on probation and you violate that probation you could get five years and/or $7500 fine and a two and one-half year minimum parole ineligibility" and that "in addition a penalty of $25 will be assessed pursuant to the Violent Crimes Compensation Act." After satisfying himself that the guilty pleas were voluntarily and understandingly offered, the judge accepted them. R. 3:9-2.
At sentencing, the judge imposed concurrent probationary terms of five years each "with a special condition that [defendant] spend one weekend in the Hudson County Jail and make restitution of $150,000 and pay a fine of $117,500 and serve 1000 hours of community service." A $50 penalty was also assessed pursuant to N.J.S.A. 2C:43-3.1a(2)(a).
Defendant thereafter moved for reduction of sentence. The judge reduced the fines to $15,000, acknowledging that the plea agreement foreclosed any greater fines. However, he rejected defendant's contentions that the plea agreement limited the fines to $7500 and foreclosed any order for restitution. Defendant *482 now appeals from both the judgment of conviction and the order modifying the sentence in part.
We find no merit to defendant's contention that the imposition of a $7500 fine on each of the two counts rendered those fines "consecutive" and in violation of the plea agreement that the sentences were to be "concurrent." The plea transcript satisfies us that the references to "concurrent" sentences contemplated custodial sentences only and that the judge's colloquy with defendant fairly and fully communicated that a $7500 fine could be imposed on each of the two counts to which defendant pleaded guilty. Moreover, as the judge said in at the motion for reduction of sentence, if fines can be characterized as "concurrent" or "consecutive" at all, the dual $7500 fines are surely "concurrent" in that defendant is concurrently obligated to pay them both.
Although the assertion was apparently not made below, defendant argues that the possibility of community service as a special condition of probation was also beyond the reasonable contemplation of the plea agreement. The contention is wholly unpersuasive. Defendant accepted the possibility of a five year custodial term with as much as two and one-half years of parole ineligibility; the far less onerous imposition of 1000 hours of community service cannot be said to have exceeded defendant's reasonable expectations.
We do find merit, however, in defendant's contention that the requirement of restitution of $150,000 as a special condition of probation (N.J.S.A. 2C:45-1b(8)) was beyond the contemplation of the plea agreement. No reference to restitution was made at the entry of the plea, although the possible fines, custodial sentences and penalties were meticulously explained to defendant. Moreover, as the assistant prosecutor acknowledged at sentencing, the State had not proposed any restitution because "[t]o put a value on what was done and what wasn't done is almost an impossible task." On this record, we thus find unavoidable the conclusion that the restitution *483 obligation imposed here was beyond defendant's reasonable anticipation. See State v. Kovack, 91 N.J. 476, 483 (1982); State v. Marzolf, 79 N.J. 167, 183 (1979).
We do not suggest that every obligation to be imposed as a condition of probation must be forecast and explained at the entry of the plea; many such obligations can fairly be said to be reasonably contemplated conditions of any probationary sentence. The community service discussed above is one example. But a restitution obligation of the magnitude ordered here cannot be characterized as one which defendant should reasonably have anticipated as a condition of a probationary sentence. Moreover, because of the magnitude of the obligation, there is a significant possibility that the failure to advise defendant of a potential $150,000 restitution obligation could have induced him to enter the plea in the form in which he did. See State v. Taylor, 80 N.J. 353, 365 (1979). In that setting, our duty to scrupulously follow the terms of the plea agreement (Kovack, 91 N.J. at 483) requires that we give defendant the opportunity to relieve himself of the restitution obligation. Compare State v. Alford, 191 N.J. Super. 537 (App.Div. 1983).
Defendant urges that the appropriate remedy is for this court to "direct resentencing to the extent of eliminating the restitution." As the Supreme Court noted in rejecting a similar contention in Kovack, that suggestion "overlooks the role of the sentencing court in meting out any sentence to which the State and defendant have agreed." 91 N.J. at 484. The sentencing court must first decide whether to accept or reject the plea agreement as reasonably understood by defendant and as defined by this court; if the sentencing court accepts the plea agreement as thus defined, then defendant may be resentenced in accordance therewith; if the sentencing court rejects the plea agreement as thus defined, then defendant must be given the options (1) to withdraw the motion to be resentenced, (2) to renegotiate the plea agreement, if the State is willing to do so, or (3) to withdraw the guilty plea subject to reinstatement of dismissed counts and proceed to trial. Id. at 485.
*484 We find the Kovack remedy to be perfectly appropriate here. Accordingly, the sentencing court shall determine whether it will accept the plea agreement as we have defined it, i.e., without a $150,000 restitution obligation. If it accepts that agreement, the court may impose any sentence which is comprehended by it. The fact that defendant has served the custodial weekend required as a special condition of his probation or that he has performed some part of the 1000 hour community service obligation presents no bar to the imposition, on resentencing, of a custodial sentence not in excess of five years with two and one-half years of parole ineligibility as set forth in the plea agreement.[1]See State v. Rodriguez, 97 N.J. 263 (1984). If the sentencing court rejects the plea agreement as we have defined it, then defendant shall be given the three options recited above.
The matter is remanded to the Law Division, where defendant shall move forthwith for resentencing. The Law Division will consider and determine defendant's motion as hereinabove set forth. We do not retain jurisdiction.
NOTES
[1] If a custodial sentence is imposed, defendant shall be credited for the weekend spent in custody as a condition of the probation. See State v. Carlough, 183 N.J. Super. 234 (App.Div. 1982).