**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4647-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEFFREY LOPES MOREIRA,
a/k/a JEFF MOREIRA,

    Defendant-Appellant.

_____

        Submitted June 5, 2019 – Decided June 20, 2019

        Before Judges Alvarez and Mawla.

        On appeal from Superior Court of New Jersey, Law Division, Warren County, Accusation Nos. 13-04-0146, 13-10-0488, and 13-10-0489.

        Joseph E. Krakora, Public Defender, attorney for appellant (Molly O'Donnell Meng, Assistant Deputy Public Defender, of counsel and on the brief).

        Gurbir S. Grewal, Attorney General, attorney for respondent (Adam David Klein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jeffrey L. Moreira appeals from a four-year sentence he received on May 22, 2018, for violating the terms of his drug court probation. We affirm.

We take the following facts from the record. In April 2013, defendant was charged under Accusation Number 13-04-0146 (Acc. No. 0146) with third-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1) and (b)(3), and pled guilty to the charge in May 2013. He was sentenced to a two-year probationary term conditioned upon ninety days in the county jail, with leave to serve his jail sentence in the County Labor Assistance Program.

In October 2013, defendant was charged under Accusation Number 13-10-0488 (Acc. No. 0488) with fourth-degree unlawful taking of a means of conveyance, N.J.S.A. 2C:20-10(b), and third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a). He was also charged under Accusation Number 13-10-0489 (Acc. No. 0489) with third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1). He pled guilty to both accusations pursuant to a plea agreement.

In March 2014, defendant was sentenced to: (1) two years of probation for each of the charges of Acc. No. 0488, each conditioned upon 364 days in the county jail; and (2) two years of probation for the single charge of Acc. No. 0489, conditioned upon 364 days in the county jail. These sentences were to

2

run concurrently and defendant was allowed to serve up to 180 days of the jail sentence in a long-term in-patient addiction rehabilitation program after the program was completed.

Defendant violated the terms of his probation. He failed to: report to his probation officer at least ten times, cooperate with the required treatment and counseling, pay financial obligations, and notify probation of his employment status. Therefore, in May 2016, he pled guilty to a violation of probation (VOP) under all three accusation numbers. Defendant admitted he was sanctioned twelve times in drug court, waived his right to a VOP hearing, and pled guilty to the VOPs under each accusation. The judge terminated defendant's terms of probation and sentenced him to concurrent five-year terms in drug court under each accusation number.

Following his guilty pleas, defendant was resentenced in December 2017. The judge considered defendant's drug court sanctions, VOPs, and positive drug screens since his admission to drug court. The judge noted the third-degree counts each carried a five-year prison sentence and the fourth-degree count an eighteen-month sentence. The judge stated he "had hoped . . . [defendant] would take it upon [himself] to go into [Veterans Assistance], get evaluated and get treatment[,]" but he failed to do so. The judge stated that, as a last resort, he

3

would order defendant into a long-term in-patient treatment program, and also ordered him to continue with the terms of drug court probation on all three accusations, including all fines and penalties.

Defendant was discharged from the in-patient program after less than one month because he had an altercation and threatened to kill another patient. At his subsequent VOP hearing, the judge considered testimony from defendant's probation officer who stated defendant caused the disruption, which prompted his discharge. The in-patient program discharge note admitted into evidence corroborated the incident and the probation officer's testimony. The judge concluded defendant had violated his probation and scheduled his sentencing.

The judge made the following findings at sentencing:

> [T]his has been probably one of the most difficult decisions that the [c]ourt has to make because of several reasons. One, you're a veteran and I have enormous respect for veterans. Number two, you're a [d]rug [c]ourt participant and as [the prosecutor] said in her colloquy, we bent over backwards to allow you to stay in [d]rug [c]ourt on all of those different sanctionable events on the violations of probation.
>
> And while you have been polite, you've never raised your voice. You've always been nice for lack of a better term when you appeared before me. You haven't always been honest. That's for certain. And you haven't always done the right thing.

4

We've basically run out of options.  There isn't any treatment recommendation that hasn't been offered to you that we could offer again that I could even hope that you would comply with.  I also would say that because of the number of chances that you've been given, probation is certainly not warranted any longer in the case.

And you do have a lot of jail credit.  But there has to be some consequences for your actions.  Therefore, I am going to sentence you to four years New Jersey State prison, concurrent on all charges.  Probation will be terminated without improvement. . . .

. . . As far as the aggravating and mitigating factors, aggravating factors [three] and [nine]; mitigating factor [ten] were found on [Acc. No. 0146]. I continue to find aggravating factors [three] and [nine] as they relate to the underlying offense.

. . . Aggravating factors [three] and [nine] were also found in [Acc. No. 0488].  Mitigating factors [four], [six] and [ten] were found.  I no longer find mitigating factors [six] and [ten].  I do find mitigating factor [four] continues to exist.  And on [Acc. No. 0489], aggravating factors [three] and [nine] continue to exist.  [I find] [m]itigating factor [four].  But I no longer find mitigating factor [ten].

. . . .

. . . [Nine] months, [and twenty-eight] days[] . . . [o]n a four year sentence the minimum time you would have to spend in state prison to be eligible for parole. You obviously have more jail credit than that.  But that's a function of [p]arole, not this [c]ourt.  And that's an estimated time that you have to spend in custody.

5

A judgment of conviction entered terminating probation without improvement, and imposing a four-year prison sentence as to all third-degree counts and an eighteen-month prison sentence for the sole fourth-degree count, all to run concurrently. Under Acc. No. 0146, the judge applied 350 days of jail credit, 230 days of Rosado[1] credit, and 120 days of prior-service credit to the sentence imposed. On Acc. No. 0488, the judge applied 331 days of jail credit, 241 days of Rosado credit, and 120 days of prior-service credit to the sentence imposed. As to Acc. No. 0489, the judge applied 338 days of jail credit, 234 days of Rosado credit, and 120 days of prior-service credit to the sentence imposed.

I.

Defendant raises the following point on appeal:

> NEW JERSEY'S PROBATION REVOCATION STATUTE ALLOWS A JUDGE TO ENGAGE IN FACT FINDING THAT RESULTS IN A SENTENCE ABOVE THE STATUTORY MAXIMUM AND SO VIOLATES THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

Our review of a sentencing decision is limited. State v. Miller, 205 N.J. 109, 127 (2011). We do "not substitute [our] judgment for that of the trial court."

---

[1] State v. Rosado, 131 N.J. 423 (1993).

A-4647-17T2

State v. Burton, 309 N.J. Super. 280, 290 (App. Div. 1998) (citing State v. Roth, 95 N.J. 334, 365 (1984)). Instead, we "assess the aggravating and mitigating factors to determine whether they 'were based upon competent credible evidence in the record.'" State v. Bieniek, 200 N.J. 601, 608 (2010) (quoting Roth, 95 N.J. at 364-65). We will "modify sentences when the application of the facts to the law is such a clear error of judgment that it shocks the judicial conscience." Roth, 95 N.J. at 364 (citing State v. Whitaker, 79 N.J. 503, 512 (1979)).

## II.

Defendant argues the imposition of a four-year sentence for a VOP, in addition to the four-plus years of probation he served, is unconstitutional and in violation of the Sixth Amendment pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Defendant also claims he did not receive custody credit for the time spent on probation and in drug court.

"With respect to a defendant who violates a probationary condition, the initial question is whether the violation justifies revocation of probation. Some violations are more serious than others." State v. DiAngelo, 434 N.J. Super. 443, 455 (App. Div. 2014) (quoting State v. Baylass, 114 N.J. 169, 175 (1989)).

> Once a court determines "the defendant has inexcusably failed to comply with a substantial requirement

imposed as a condition of the order or if he has been convicted of another offense, [the court] may revoke the suspension or probation and sentence or resentence the defendant," N.J.S.A. 2C:45–3(a)(4), imposing "any sentence that might have been imposed originally for the offense of which he was convicted." N.J.S.A. 2C:45–3(b).

[Ibid. (alteration in original).]

The Comprehensive Drug Reform Act of 1987, N.J.S.A. 2C:35-1 to -31, provides courts with alternatives to traditional disposition, such as special probation, i.e., drug court. Similar to the court's power to impose jail time following the revocation of regular probation, "[i]f the court permanently revokes the person's special probation pursuant to this subsection, the court shall impose any sentence that might have been imposed, or that would have been required to be imposed, originally for the offense for which the person was convicted or adjudicated delinquent." N.J.S.A. 2C:35-14(f)(4).

"Special probation is designed to divert otherwise prison-bound offenders into an intensive and highly specialized form of probation designed to 'address in a new and innovative way the problem of drug-dependent offenders caught in a never-ending cycle of involvement in the criminal justice system.'" State v. Bishop, 429 N.J. Super. 533, 540 (App. Div. 2013) (quoting State v. Meyer, 192 N.J. 421, 434-35 (2007)).

A-4647-17T2

> [S]tated in very broad terms, offenders sentenced to regular probation are not necessarily prison bound, based upon the nature and seriousness of their crimes and the general sentencing provisions of the Code. On the other hand, offenders sentenced to special probation are prison bound because their offenses, deemed more serious in the Code, carry a mandatory or presumptive term of imprisonment. Their eligibility for this form of non-prison sentence is not determined by weighing aggravating and mitigating factors as is the case with regular probation, but by reference to the enumerated statutory requirements listed in N.J.S.A. 2C:35–14.
>
> [Id., 429 N.J. Super. at 541 (emphasis added) (citing State v. Clarke, 203 N.J. 166, 175 (2010)).]

Furthermore, "[t]he sentence imposed after revocation of probation should be viewed as focusing on the original offense rather than on the violation of probation as a separate offense." In re State ex rel. C.V., 201 N.J. 281, 297 (2010) (quoting State v. Ryan, 86 N.J. 1, 8 (1981)). "Imposing the maximum sentence for the original offense after revocation of probation without grand jury indictment or trial by jury is not unconstitutional, since the new sentence is only a sanction for defendant's original offense for which he had been properly tried." Ryan, 86 N.J. at 8 (emphasis added) (citation omitted).

In deciding a sentence for a probation violation the "court should consider the aggravating factors found to exist at the original hearing and the mitigating factors as affected by the probation violations." State v. Baylass, 114 N.J. 169,

178 (1989).  While it may "be a rare case in which the balance of the original aggravating factors and surviving mitigating factors weigh in favor of a term of imprisonment greater than the presumptive sentence or of a period of parole ineligibility[,]" such a sentence is permissible where the aggravating factors outweigh the mitigating.  Ibid.

Here, there was ample evidence to support the sentence imposed.  The charge at issue was defendant's possession of heroin under Acc. No. 0489.  N.J.S.A. 2C:43-6(a)(3) states "[i]n the case of a crime of the third degree, for a specific term of years which shall be fixed by the court and shall be between three years and five years[.]"  The four-year sentence given after defendant's probation was revoked was less than the five-year maximum and within the range of the original sentence, and thus permitted by N.J.S.A. 2C:35-14.

The trial judge properly considered the aggravating factors assigned during the original disposition of Acc. No. 0489, finding "aggravating factors [three] and [nine] continue[d] to exist" from the original sentencing.  The judge also continued to find mitigating factor four, but did not continue to find mitigating factor ten after the VOP was committed.  Thus, the judge adhered to In re State ex rel. C.V. by considering the aggravating factors as to the original

charge and the mitigating factors as to the VOP itself, and violated neither Apprendi[2] nor Blakely.[3]

A presumption of imprisonment existed when defendant was sentenced to drug court after he failed to comply with his previous probation terms and committed multiple VOPs. Bishop, 429 N.J. Super. at 541. The judge noted the multiple opportunities given to defendant, that the court had "run out of [treatment] options[,]" and correctly concluded probation was no longer warranted. Thus, probation followed by incarceration was not an extended sentence and does not shock the judicial conscience.

Finally, we reject defendant's argument regarding custody credit. The Supreme Court has noted:

> [T]he thrust of . . . [Rule 3:21-8] is to restrict credit to "custodial" confinements, either in jail or in a state hospital. Ordinarily, a defendant's confinement is custodial if it is imposed by a court, see State v. Lee, 60 N.J. 53, 58 (1972), and involuntary in the sense that a defendant is not "at liberty by an exercise of his own will to choose to leave that facility." State v. Smeen, 147 N.J. Super. 229, 233 (App. Div. 1977). Thus, in

---

[2] Holding any fact other than a prior conviction which increases a penalty beyond the statutory maximum "must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

[3] Reversing the imposition of a ninety-month sentence where a defendant was subject to a fifty-three-month sentence because the sentencing court considered facts not in evidence or found by a jury. Blakely, 542 U.S. at 303-04.

11

State v. Reyes, 207 N.J. Super. 126 (App. Div. 1986), the Appellate Division denied credit to [a] defendant for time spent in a residential drug treatment program as a condition of probation. The court concluded that "[a]ttendance at such a program is not the equivalent of 'custody' so long as there are no physical restraints and a participant retains the option to leave without committing an additional crime." Id. at 144.

[State v. Towey, 114 N.J. 69, 85–86 (1989) (last alteration in original) (emphasis added).]

Here, the judge credited defendant with the appropriate amount of jail time credit, Rosado credit, and gap-time credit under each accusation. Pursuant to Towey, the time defendant spent on special probation at the in-patient program did not qualify as custody credit because it was a condition of his probation, not a form of custody.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4647-17T2